IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Action No. 21-48-MN |
| JOSEPH TIMLIN, | |
| Defendant. | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Lesley F. Wolf, Assistant United States Attorney, and the Defendant, Joseph Timlin, by and through his attorney, Conor Wilson, Esq., the following agreement is hereby entered into by the respective parties in accordance with Federal Rule of Criminal Procedure 11:

1. By this Plea Agreement, the Defendant agrees to enter a voluntary plea of guilty in the United States District Court for the District of Delaware to Count Two of the Indictment, which charges him with Tax Evasion, in violation of 26 U.S.C. § 7201.

2. The Defendant understands that the charge against him in Count Two of the Indictment carries with it the following maximum statutory penalties: five (5) years of imprisonment; a $250,000 fine or twice the gross gain or loss from the offense, whichever is greater; three (3) years of supervised release; a $100 special assessment; and the costs of prosecution.

3. The United States agrees to dismiss Count One and Counts Three through Four of the Indictment at or near the time of sentencing.

4.     The defendant understands that if there were a trial with regard to Count Two, the government would have to prove the following elements beyond a reasonable doubt: (1) the defendant had a substantial income tax deficiency; (2) the defendant made an affirmative attempt to evade or defeat the assessment or payment of the income tax; and (3) the defendant acted willfully. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Count Two of the Indictment.

5.     The Defendant is pleading guilty to the charge contained in Count Two of the Indictment because he is, in fact, guilty.

6.     Pursuant to Section 6B1.4 of the November 1, 2018, edition of the United States Sentencing Guidelines Manual ("U.S.S.G."), the parties enter into the following stipulations:

   a.   Pursuant to U.S.S.G. § 2T1.1 and § 2T4.1(F), the amount of loss as to Count Two, including relevant conduct as defined in U.S.S.G. § 1B1.3, is greater than $100,000 but less than $250,000, specifically $246,629.00.

   b.   Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with the acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense-Level pursuant to U.S.S.G. § 3E1.1(a). Further, should it be determined that the defendant's Offense Level is 16 or greater prior to the application of the aforementioned two-level reduction, the United States agrees that the defendant's Offense Level should be reduced by one additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

It is understood and agreed that: (1) the parties are free to argue (except as stated above) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, and departures; (2) these stipulations are not

binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed.

7. The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory maximum penalties, and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, is otherwise different than the defendant expected, or is contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

8. The United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the District Court at any subsequent proceeding.

9. With regard to sentencing on Count Two, the Defendant agrees to pay restitution to the Internal Revenue Service ("IRS") in the amount of $246,629.00, pursuant to 18 U.S.C. § 3663(a)(3) & 3664. This reflects the outstanding tax liabilities for tax years 2014-2018 as follows: (a) 2014: $44,769.00; (b) 2015: $53,192.00; (c) 2016: $54,777.00; (d) 2017: $52,529.00; and (e) 2018: $41,353.00. Any restitution paid shall be credited against these outstanding tax liabilities.

10. The defendant understands that the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that

schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

11. In order to facilitate the collection of financial obligations, including restitution, to be imposed in connection with this prosecution:

    a. The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party. No later than thirty (30) days subsequent to the defendant's change of plea hearing, the defendant will submit a completed sworn financial statement ("Financial Statement") to the United States Probation Office ("USPO"), in the form the USPO provides and as it directs. The defendant will also provide to the USPO any supporting documentation in the defendant's possession, custody, or control (including banking and brokerage records) for the disclosure set forth in the Financial Statement, as directed by the USPO. The Financial Statement, disclosures, and supporting documentation will be complete and truthful.

    b. Upon receipt of the Financial Statement, the USPO shall disclose the Financial Statement and supporting documentation to counsel for the government and/or provide the government any additional supporting documentation beyond that provided to the USPO in the defendant's possession, custody, or control (including banking and brokerage records) for the disclosure set forth in the Financial Statement, as directed by the government, and/or to supplement the Financial Statement if the government deems it incomplete. The defendant agrees that, at the

        discretion of the government, the defendant will participate in a deposition in aid of collection of restitution, which may occur any time between entry of the guilty plea and entry of judgment.

    c.    Should the defendant fail to provide complete, accurate, timely and truthful financial information as set forth above, the government, in its sole discretion, may deem such conduct inconsistent with the acceptance of responsibility and may do any or all of the following: (i) oppose any reduction in the defendant's Offense Level, pursuant to Sentencing Guideline Section 3E1.1(a); (ii) seek an enhancement of the defendant's sentence for obstruction of justice under Sentencing Guideline Section 3C1.1; (iii) file a motion for upward variance from the otherwise applicable Sentencing Guideline range; (iv) seek an order compelling production of the financial information; and/or (v) void this Plea Agreement in its entirety.

12.    This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

13.    The Defendant agrees to pay the Special Assessment of $100 at the time of sentencing. If the Court orders the payment of any fine as part of the Defendant's sentence, and if the Defendant is sentenced to a term of incarceration, the Defendant agrees voluntarily to enter the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the Defendant's prison salary and apply it on the Defendant's behalf to the payment of the outstanding debt ordered.

////

14. It is further agreed by the undersigned parties that this Memorandum – together with sealed Attachment A – supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

DAVID C. WEISS
UNITED STATES ATTORNEY

_____                By: _____
Conor Wilson, Esquire                          Lesley F. Wolf
Attorney for Defendant                         Assistant United States Attorney

_____
Joseph Timlin

Dated: 4/5/2022

AND NOW, this 5th day of April, 2022, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE MARYELLEN NOREIKA
UNITED STATES DISTRICT JUDGE
DISTRICT OF DELAWARE